**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

YAHAI H.,

Petitioner,

v.

TODD BLANCHE, Attorney General; MARKWAYNE MULLIN, Secretary, Department of Homeland Security; and ERIC TOLLEFSON, Sheriff of Kandiyohi,

Respondents.

Case No. 26-CV-4472 (NEB/JFD)

ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS

---

Petitioner Yahai H. is subject to an order of removal to Sudan that has been administratively final for more than six months. As a result, Petitioner is subject to detention under 8 U.S.C. § 1231(a) as he awaits that removal. That detention, however, cannot be indefinite. Section 1231(a), "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The government may detain an individual for six months following an order of removal becoming final, and detention during that period is presumptively lawful. *See id.* at 701. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

In the petition for a writ of habeas corpus now before the Court, Yahai H. alleges that there is no significant likelihood of removal from the United States in the reasonably foreseeable future. (*See generally* ECF No. 1 ("Pet.").) The government filed its response. (ECF No. 6.) After reviewing the habeas petition, the government's response, and the

documents submitted in this matter, the Court concludes that there is no significant likelihood of Petitioner's removal from the United States in the reasonably foreseeable future. Accordingly, the habeas petition will be granted.

Much of the government's response is focused on the question of how sufficient a showing a Petitioner must make to establish that his removal is not likely in the reasonably foreseeable future, with the government arguing that the Petitioner has fallen short of meeting his burden on that question. This is a tricky issue. The fact that a person's detention has gone on for more than six months is not, by itself, enough to establish that removal is not likely in the reasonably foreseeable future. *See, e.g.*, *Chen v. Banieke*, No. 15-CV-2188 (DSD/BRT), 2015 WL 4919889, at *4 (D. Minn. Aug. 11, 2015) ("The mere passage of time, including concomitant delays in obtaining travel documents, is not alone sufficient to show that no such likelihood exists unless the delays are so extraordinarily long as to trigger an inference that travel documents will likely never issue at all."). *Something* more is needed to establish that removal is unlikely to occur.

Two factors beyond the mere duration of Petitioner's detention cause the Court to find that Petitioner has met his burden. First, Petitioner contends that removal to Sudan specifically is unlikely to occur due to "substantially impaired normal government functions." (ECF No. 3.) The government describes this allegation as conclusory, but the evidence submitted by the government backs up the allegation. A request for a travel document was requested on April 24, 2026, (ECF No. 6-1 ¶ 11), and not only has no travel document been issued, but there does not appear to be any indication regarding when a decision regarding travel documents might be made by the Sudanese government.

Second, the government's own explanation for why Petitioner should remain in detention as he approached the six-month mark rests not on the likelihood that Petitioner

would be removed from the United States to Sudan, but instead on the finding that Petitioner "appears to continue to pose a public safety threat if released." (ECF No. 6-5.) Indeed, the evidence submitted by the government indicated that, as Petitioner's six-month date approached, the *government* had not yet conducted an assessment of whether there was a significant likelihood of removal in the reasonably foreseeable future. (*See id.* ("Sudan is an HQ-only country and the field office is awaiting HQ's assessment on SLRRFF.")).

Even with this, the Court would be disinclined to grant habeas relief if the government had provided evidence establishing that removal is nevertheless reasonably likely to occur in the near future—for example, that removals to Sudan are being carried out regularly, or that specific circumstances likely to soon be alleviated had caused the delay in Petitioner's case. Even an indication of when a decision on travel documents might be made available to Petitioner would go some way towards establishing that removal is likely in the reasonably foreseeable future. The government has not provided any such evidence; it is not even clear from the evidence submitted that the government believes removal will occur in the foreseeable future.

Accordingly, the habeas petition in this matter will be provisionally granted. Within seven days of the date of this order, Respondents must either (1) release Petitioner under a new order of supervision subject to reasonable conditions until such time as there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (2) submit evidence establishing that Petitioner has already been removed from the United States or that there is reason to believe that removal is substantially likely to be carried out in the reasonably foreseeable future. If, after those seven days have passed, the government has not released Petitioner or supplied evidence establishing a

substantially likelihood of removal in the reasonably foreseeable future, the Court will direct that Petitioner be released and that judgment be entered in this matter.

Finally, Petitioner had applied for *in forma pauperis* ("IFP") status at the outset of this action and requested a temporary restraining order ("TRO") enjoining his transfer out of the District of Minnesota. The IFP application was not signed, but Petitioner did submit evidence establishing that he does not have available to him even the $5.00 necessary for initiating this habeas corpus proceeding. (ECF No. 1-1.) Under the circumstances, the Court is satisfied that Petitioner qualifies financially for IFP status and will grant the IFP application. Petitioner's motion for a temporary restraining order, however, is denied. Petitioner is subject to a facially valid and administratively final order of removal, and imposition of the TRO requested by Petitioner would impede the government's efforts to effectuate that order of removal should the opportunity to remove Petitioner arise.

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The petition for a writ of habeas corpus of petitioner Yahai H. (ECF No. 1) is PROVISIONALLY GRANTED.

2. Within seven days, Respondents must either (1) release Petitioner under a new order of supervision subject to reasonable conditions until such time as there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (2) submit evidence establishing that Petitioner has been removed from the

United States or that there is reason to believe that removal is substantially likely to be carried out in the reasonably foreseeable future.

3. Petitioner's application to proceed *in forma pauperis* (ECF No. 2) is GRANTED.

4. Petitioner's motion for a temporary restraining order (ECF No. 3) is DENIED.

LET JUDGMENT BE ENTERED.

Dated: November 16, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge